## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                :        Case No. 2:22-cr-179
                                            Judge Sarah D. Morrison

     v.                           :

ZECHARIAH BARBER,

     Defendant.

### OPINION AND ORDER

This matter is before the Court on Defendant Zechariah Barber's Motion for Revocation of the Order to Detain Him Pending Trial. (ECF No. 30.) The Government opposes. (ECF No. 36.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

## I.    BACKGROUND

Mr. Barber, now 46, has been involved in the criminal justice system since at least the age of 18. (PSR, ECF No. 11, 1, 3.) At the age of 20, Mr. Barber caught his first felony conviction. (*Id.*, 3.) At 23, he was convicted of possessing a weapon under disability, and was sentenced to eleven months of incarceration. (*Id.*, 4.) Six years later, Mr. Barber was convicted in this Court on drug trafficking- and firearms-related charges, and sentenced to a term of 150 months of incarceration. (*Id.*, 5–6.) He began a five-year period of supervised release on September 30, 2015, which he completed on May 24, 2021. (*Id.*, 6.)

On September 22, 2022, a federal grand jury returned a one-count indictment charging Mr. Barber with being a felon in possession of a firearm. (ECF No. 4.) Mr. Barber was arrested a week later. (*See* Sep 29, 2022 docket entry.) A loaded firearm was found on his person, along with distribution levels of fentanyl. (*See* ECF No. 19.)

On October 4, Magistrate Judge Kimberly A. Jolson held a hearing on the Government's motion to detain Mr. Barber pending resolution of the charge. (*See* ECF No. 12.) The Magistrate Judge reviewed the Pretrial Services Report recommending that Mr. Barber be released on his own recognizance, subject to a set of conditions intended to ensure his appearance at future court proceedings and the safety of the community. (PSR.) At the hearing, the Government proffered additional evidence, including that Mr. Barber was found to have a loaded 9mm pistol in his pocket during his September 29 arrest.

The Magistrate Judge found that the Government proved by clear and convincing evidence that no condition or set of conditions on Mr. Barber's release would reasonably assure the safety of the community. (ECF No. 13.) In particular, she expressed concern over Mr. Barber's "continued use of firearms." (*Id*.) The Magistrate Judge also cited the weight of the evidence; prior criminal history; prior participation in criminal activity while on supervision; history of violence or use of weapons; history of substance abuse; and prior violations of probation, parole, or supervised release, as reasons her detention. (*Id*.)

2

Two weeks after the detention hearing, the grand jury returned a Superseding Indictment charging Mr. Barber with a second count of being a felon in possession of a firearm, based on the September 29 arrest. (*Id.*)

## III.    LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The government must prove . . . dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros*, at 616). There is no argument or allegation that Mr. Barber presents a risk of flight.

Once the Government has met its burden, the judicial officer must determine whether conditions exist that would reasonably assure the defendant's appearance and the safety of the community upon a defendant's release. *See* 18 U.S.C. § 3142(g) (listing factors to be considered in making such a determination). If the judicial officer determines that detention is necessary, he or she shall submit a written statement of the reasons for the detention. 18 U.S.C. § 3142(i)(1). When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews the evidence *de novo*, *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000) (Marbley, J.), but is not required to hold a hearing, *United States v.*

*Sammons,* No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (Morrison, J.) (collecting cases).

## IV. ANALYSIS

Mr. Barber seeks revocation of the detention order on two grounds. First, that the state court charge resulting from his May 25, 2022 arrest was dismissed at the prosecutor's request. And second, that his family relies on his presence at home. Mr. Barber presents a copy of the state court docket, and letters from his significant other, her two children, and a friend. (*See* ECF No. 30-1–30-5.) In its response, the Government relies on the same information provided at the detention hearing. Given the minimal amount of new information, the Court finds that no hearing is necessary.

The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report and a recording of the detention hearing, and all materials and briefing available on the docket. The Court makes the following findings.

*Burden of Proof.* The Government has established Mr. Barber's dangerousness to the community by clear and convincing evidence. As was the Magistrate Judge, the Court is concerned by Mr. Barber's repeated possession of loaded firearms on his person. Even after serving time on state and federal firearm charges, Mr. Barber was arrested twice in four months with a loaded firearm in his pocket.

4

*Nature and Circumstances of the Offense*. The nature and circumstances of the charged offenses weigh in favor of pretrial detention. The circumstances surrounding Count Two are particularly troubling. Mr. Barber had a loaded firearm in his pocket just four months after being arrested on similar charges. What's more, he also had distribution levels of fentanyl, a highly dangerous, illegal narcotic drug.

*Weight of the Evidence*. The weight of the evidence with respect to Mr. Barber's dangerousness supports his continued detention pending trial. In this circuit, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In this regard, Mr. Barber's history—including a high frequency of criminal charges when he is not incarcerated—suggests that Mr. Barber poses a danger to the community.

*History and Characteristics*. Mr. Barber's personal history and characteristics are neutral as to his continued detention pending trial. At the time of his arrest, Mr. Barber lived with his mother and had been employed by the same entity—a catering business—for three months. He has been dating his significant other for a year, and her children wrote letters to the Court requesting his return.

*Nature and Seriousness of the Danger to the Community*. The nature and seriousness of the danger Mr. Barber poses to the community weighs in favor of his continued detention pending trial. Mr. Barber has an extensive criminal history, including repeated concerns of possessing both firearms and narcotic drugs.

5

In sum, consideration of the requisite factors indicates no condition or combination of conditions of release would reasonably assure the safety of the community. As such, revocation of the detention order is not appropriate.

Mr. Barber argues for a different result. He urges the Court to adopt the recommendation in the Pretrial Services Report, which outlined several conditions to address the issue of dangerousness upon release. However, that Report issued before the Superseding Indictment. It is wholly unclear whether Pretrial Services was aware of the circumstances of his arrest on September 29, 2022, when it conducted its research. Count Two weighs heavily in the Court's decision to depart from the Report's recommendation.

## V.  CONCLUSION

For the foregoing reasons, Mr. Barber's Motion (ECF No. 30) is **DENIED**. The detention order remains in effect.


**IT IS SO ORDERED**.


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**